PUBLIC BATHING PLACE — APARTMENT SWIMMING POOL Since an apartment swimming pool is used by a number of persons on a reasonably constant basis, it is within the definition of "public bathing place" contained in the Oklahoma Public Health Code. The Attorney General has had under consideration your letter of July 14, 1970. Your inquiry is, in effect, as follows: 1. Are swimming pools which serve apartment houses, "public bathing places" as defined by Title 63 O.S. 1-1013 [63-1-1013] (1969), and thus subject to the requirements of the Oklahoma Statutes pertaining to public bathing places and rules officially adopted thereunder as authorized by the statutes. Title 63 O.S. 1-1013 [63-1-1013] (1969), states as follows: "The term public bathing place,' as used in the following sections of this article, includes all entirely artificially constructed wading pools, swimming pools, bathhouses used collectively by a number of persons for wading, swimming, recreative, or therapeutic bathing, together with all sanitary facilities, bathing suits, buildings, equipment, and appurtenances pertaining to such bathing places; provided, that such term shall not apply to those public or semi-public baths where the main object is the external cleansing of the body nor to bathing places maintained by an individual for the use of his family and friends." (Emphasis added) In connection with your question you suggest that, since apartments are multiple family dwellings and are not open to the general public and are privately owned, some doubt arises as to whether the swimming pools serving the apartment houses are within the definition of "public bathing place" quoted above. In Askew v. Parker, 151 C.A.2d 759, 312 P.2d 342, a similar question concerning whether or not a certain swimming pool was a "public swimming pool," within the meaning of the Health and Safety Code was before the appellate court of the State of California. It was contended by the defendant that before a swimming pool can be classified as "public" it must be open to all, and is not a public swimming pool unless a monetary consideration is exacted. In holding that the swimming pool was a public swimming pool and therefore subject to public health inspection under the Health and Safety Code, the court held as follows: "A swimming pool may be a 'public swimming pool' within meaning of provision of the Health and Safety Code that the State Department of Public Health has supervision of sanitation, healthfulness, and safety of 'public swimming pools,' though all persons do not have a right to be admitted, and though certain persons can be legally excluded from it, and whether a charge is made for admission is not necessarily a determining factor." (Emphasis added) This significant language appears in the body of the opinion: "The evident purpose of such rules is to protect persons who are using swimming pools which are used by many persons on a reasonably constant basis. In such a situation the word 'public' must be given as broad a definition as is necessary to provide the protection to the public which the legislature sought to provide." (Emphasis added) In other words, the court said the fact that a swimming pool is not open to the general public does not necessarily mean it is not a "public pool and not subject to the Health and Safety Code. Rather, the determinative question is whether or not the swimming pool is commonly and regularly used by many persons on a reasonably constant basis. If it is so used, then it is subject to public health inspection. It is a matter of common knowledge that apartment swimming pools are used collectively by the apartment tenants and their guests. This is the very purpose for which they are constructed and maintained. Further, it is clear that apartment swimming pools are normally not maintained by any one individual for the use of his family and friends. And, these matters are not changed by the fact that an apartment is an individually owned, multiple family dwelling or that its swimming pool is not open to the general public. Thus, the Attorney General adopts the reasoning and the conclusion of the California court in the case referred to above and answers your question in the affirmative; that is, since an apartment swimming pool is used by a number of persons on a reasonably constant basis, it is within the definition of "public bathing place" contained in the Oklahoma Public Health Code. (Jack Pratt)